ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| IVETTE V. RIVERA ABRAMS<br>Recurrido<br><br>V.<br><br>ELLIOT JIMÉNEZ CRUZ<br>Peticionario | TA2025CE00732 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.:<br>C AL2010-0967<br><br>Sobre:<br>Alimentos |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno

Rivera Marchand, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de noviembre de 2025.

Comparece el Sr. Elliot Jiménez Cruz (peticionario o Sr. Jiménez Cruz) y nos solicita que revoquemos la *Orden*[1] notificada el 15 de octubre de 2025 por el Tribunal de Primera Instancia, Sala de Arecibo (TPI o foro primario), en la que fijó el pago de $2,000.00 en concepto de honorarios de abogados a favor de la Sra. Ivette V. Rivera Abrams (recurrida o Sra. Rivera Abrams).

Por los fundamentos que exponemos a continuación, denegamos la expedición del auto de *certiorari.*

### I.

Según surge del expediente ante nos, el 21 de julio de 2023, la Sra. Rivera Abrams solicitó la revisión de la pensión de alimentos ante el foro primario.[2] Consecuentemente, el 17 de octubre de 2023 se celebró la vista de alimentos.[3] A la referida vista compareció la Sra. Rivera Abrams, pero no así su representación legal, el Lcdo.

---

[1] Entrada núm. 2 en el expediente electrónico del portal del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Poder Judicial.
[2] *Íd.*, Entrada núm. 1.
[3] *Íd.*, Entrada núm. 6.

Jaime Alcover Delgado. Por su parte, el Lcdo. Ramón A. Pérez González compareció en representación del Sr. Jiménez Cruz.

Luego de varios incidentes procesales innecesarios pormenorizar, el 18 de octubre de 2024 el TPI celebró la vista de alimentos. Posteriormente, el 5 de febrero de 2025, notificó una *Resolución*[4] en la que fijó, entre otras cosas, el pago de pensión al Sr. Jiménez Cruz por la cantidad de $650.00 mensuales.

Ante ello, la recurrida instó una *Moción en cumplimiento de orden y memorando de honorarios*[5] en la que solicitó al foro primario la imposición de $9,275.00 en concepto de honorarios de abogado a favor de la Sra. Rivera Abrams.

Evaluado lo anterior, el TPI emitió una *Orden*[6], notificada el 27 de febrero de 2025, por medio de la cual ordenó a la representación legal de la recurrida la separación de los asuntos de custodia y los asuntos de alimentos para fines de la determinación de honorarios de abogado.

En cumplimiento con la referida orden, la representación legal de la Sra. Rivera Abrams desglosó por hora, gestión y tiempo, el trabajo realizado en el caso de alimentos a través de una *Moción suplementaria en cumplimiento de orden*[7]. Además, reclamó un total de $7,175.00 en concepto de servicios legales prestados. En reacción, el peticionario se opuso y, esencialmente, cuestionó la razonabilidad de los honorarios reclamados.

Justipreciado lo antes, el 2 de mayo de 2025 el TPI notificó una *Orden*[8] mediante la cual concedió un total de $3,000.00 por concepto de honorarios de abogado a favor de la recurrida. Inconforme, el 19 de mayo de 2025, el Sr. Jiménez Cruz presentó una *Reconsideración*[9] en la que suplicó al foro primario considerar

---

[4] *Íd.*, Entrada núm. 24.
[5] *Íd.*, Entrada núm. 25.
[6] *Íd.*, Entrada núm. 26.
[7] *Íd.*, Entrada núm. 27.
[8] *Íd.*, Entrada núm. 30.
[9] *Íd.*, Entrada núm. 31.

la naturaleza del caso y la jurisprudencia persuasiva con el fin de fijar una cantidad razonable.

Atendida la oposición de la recurrida, el TPI procedió conforme lo solicitado por el peticionario y ajustó la cuantía en concepto de honorarios de abogado para un total de $2,000.00 a favor de la Sra. Ivette V. Rivera Abrams. Lo antes, mediante *Orden*[10] notificada el 15 de octubre de 2025.

En desacuerdo, el 5 de noviembre de 2025, el señor Sr. Jiménez Cruz recurre ante este foro revisor y señala el siguiente error:

> Erró el honorable Tribunal de Primera Instancia, Sala de Arecibo, al dictar orden disponiendo el pago de $2,000.00 d[ó]lares de honorarios de abogado, ya que la misma, no cumple con el criterio de razonabilidad, considerando la naturaleza del presente caso y la jurisprudencia persuasiva del Tribunal de Apelaciones.

El 7 de noviembre de 2025, intimamos *Resolución* en la cual concedimos un término perentorio de diez (10) días para mostrar causa por la cual no debamos expedir el auto de *certiorari*.

Evaluado concienzudamente el expediente del caso y transcurrido el término provisto, sin la comparecencia de la recurrida, nos encontramos en posición de resolver.

**II.**

**A. *Certiorari***

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al.,* supra.

---

[10] *Íd.*, Entrada núm. 2.

A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, *supra,* limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, **en casos de relaciones de familia**, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG*, 205 DPR 163, 191 (2020).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto

de *certiorari. BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). La citada regla dispone:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Íd.*

**III.**

Mediante el recurso de epígrafe, el peticionario nos solicita que ejerzamos nuestra función discrecional y que expidamos el auto de *certiorari,* a los efectos de revocar la *Orden* recurrida. A pesar de no objetar la imposición de pago de honorarios de abogado en este caso, señala que, el foro primario incidió al fijar la cantidad a pagar en $2,000.00 en concepto de honorarios de abogado a favor de la recurrida.

Hemos evaluado sosegadamente lo planteado en el recurso de naturaleza discrecional y no identificamos que el foro primario se

haya apartado de la normativa aplicable que rige el análisis de una razonabilidad para la imposición de honorarios. Añádase a ello que, el TPI tuvo ante sí un desglose de las horas trabajadas por la representación legal de la recurrida, junto con el expediente del caso activo por un periodo mayor de un año y medio. Análogamente, el peticionario no nos ha puesto en posición para determinar que el foro primario se haya apartado de los parámetros de razonabilidad al ejercer su discreción e imponer una cuantía de $2,000.00 en concepto de honorarios de abogado.

De conformidad, dictaminamos que no se reúnen los criterios conforme la Regla 40, *supra*, necesarios a los fines de que ejerzamos nuestra facultad revisora en esta etapa de los procedimientos. Tampoco identificamos fundamento alguno que justifique la expedición del auto de *certiorari* en aras de evitar un fracaso a la justicia.

**IV.**

Por los fundamentos antes expuestos, denegamos la expedición del recurso de *certiorari* de epígrafe.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones